UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:14-cr-0003-RLY-CMM |
| | ) | |
| LUSTA JOHNSON, | ) | - 08 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On November 5 and 13, 2019, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on August 1, 2019. Defendant Johnson appeared in person with his appointed counsel Sam Ansell. The government appeared by Kyle Sawa, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Angela Smith.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

    1.    The Court advised Defendant Johnson of his rights and provided him with a copy of the petition. Defendant Johnson orally waived his right to a preliminary hearing.

    2.    After being placed under oath, Defendant Johnson admitted violation numbers 1, 2, 3, and 4. [Docket No. 370.]

    3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."** |//

1   **"You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."**

On July 30, 2019, Lusta Johnson violated the EV-VOA (RRC) rules and regulations by failing to return to the facility from his employment pass. Mr. Johnson was scheduled to be out on July 30, 2019 for work, he signed out for work at 4:45 am. and was scheduled to return at 6:30 pm. Mr. Johnson, never returned to the EV-VOA (RRC) facility, therefore he absconded from supervision.

2   **"The defendant shall not commit another federal, state, or local crime."**

As previously reported to the Court, on May 3, 3019, a record check conducted on April 15, 2019, revealed Lusta Johnson, was arrested for Possession of Marijuana in Vanderburgh County, Indiana (82D07-1904-CM-002597) and Mr. Johnson was also arrested on April 30, 2019 for Count I: Operate Motor Vehicle After Forfeiture of License for Life, Level 5 Felony & Habitual Offender and Count II: False Informing, Class B Misdemeanor in Vanderburgh County, Indiana (82C01-1905-F5-003009).

3   **"The defendant shall refrain any unlawful use of a controlled substance."**

On July 13, 2019, Lusta Johnson submitted a urine sample with the Evansville VOA (RRC) which was confirmed positive for Synthetic Cannabinoids (5-fluoro-PB-22 and/or PB-22 and FUB-AMB). On July 26, 2019, Mr. Johnson was confronted about this positive drug screen and admitted to ingesting Synthetic Cannabinoids prior to the July 13, 2019 VOA drug screen and most recently on July 23, 2019.

As previously report to the Court, Mr. Johnson, tested positive for amphetamines on April 16, 2019 and denied usage. The specimen was sent for further confirmation testing and confirmed positive by Alere laboratory for amphetamine and methamphetamine .

4   **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pays."**

Lusta Johnson failed to report for five (5) drug screens on the following dates: June 25, 27, 2019, July 5, 15, and 24, 2019.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 27 months' imprisonment.

5. The parties jointly recommended a sentence of twenty-one (21) months with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge will make a recommendation of placement at FCC Terre Haute, lowest security level allowed.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 11/20/2019

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

Case 3:14-cr-00003-RLY-CMM Document 378 Filed 11/20/19 Page 5 of 5 PageID #: 1501